FILED

2018 SEP 10 PM 3:59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISON

TW CLEANING SERVICES, INC.,

    Plaintiff,

v.

WAWA, INC.,

    Defendant.

Case No. 5:18-cv-476-0c-30PRL

## DEFENDANT WAWA, INC.'S NOTICE OF REMOVAL

TO: CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
   IN AND FOR LAKE COUNTY, FLORIDA
   Lake County Courthouse
   55 West Main Street
   Tavares, Florida 32778

   Gerald Greenberg, Esq.
   Dan Gelber, Esq.
   Mikayla Espinosa, Esq.
   GELBER SCHACHTER & GREENBERG, P.A.
   1221 Brickell Avenue, Suite 2010
   Miami, Florida 33131

   Thomas Doolan, Esq.
   THOMAS DOOLAN, P.A.
   P.O. Box 121214
   Clermont, Florida 34712

   PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Wawa, Inc. ("Wawa") timely removes this action from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida to the United States District Court for the Middle District

of Florida, Ocala Division.[1] Pursuant to 28 U.S.C. § 1446(a), a copy of the sealed complaint served upon Wawa is attached hereto as Composite Exhibit A.[2] This Court has original jurisdiction under 28 U.S.C. §§1332 and 1441 *et seq.* Complete diversity of citizenship exists between Plaintiff and Wawa, the only parties, and it is evident based on the totality of the circumstances, discussed *infra*, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of removal, Wawa further states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiff filed this case in Florida state court in Lake County, Florida on August 15, 2018 against Wawa only. Plaintiff alleges financial damage related to an alleged agreement for cleaning services it provided to Wawa. *See* Pl. Compl., attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1446(a), Wawa has attached a copy of the sealed complaint served upon it in this action as part of Composite Exhibit A. Additionally, pursuant to Local Rule 4.02(b), Wawa has attached a copy of all papers presently in the Circuit Court for Lake County's court file on this matter, as well as all items served on Wawa (excepting the sealed Complaint and its Exhibits), as Exhibit B.

## II. ALL STATUTORY REQUIREMENTS FOR REMOVAL ARE MET

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained herein, it is a civil action

---

[1] By removing this action to this Court, Wawa does not waive any defenses, objections, or motions available under state or federal law. Wawa expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

[2] On August 24, 2018, the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida issued an *ex parte* Order granting Plaintiff's Motion to Seal the Complaint and its Exhibits. A copy of the state court order, and Plaintiff's sealed Complaint and its Exhibits, are attached as Composite Exhibit A. The remaining items served on Wawa are included in Exhibit B.

in which the amount in controversy exceeds $75,000, exclusive of interests and costs, involves a controversy between citizens of different states, and no properly joined and served defendant is a citizen of the State of Florida.

### A. NOTICE OF REMOVAL IS TIMELY

4. Plaintiff served the Complaint in this Action on August 21, 2018. *See* Ex. A, Service of Process Transmittal.

5. The filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction.

### B. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6. Plaintiff is a Virginia corporation with its principal place of business in Virginia. *See* Pl. Compl., Ex. A, at ¶ 12; *see also* Commonwealth of Virginia corporate listing for Plaintiff, attached hereto as Exhibit C.

7. Wawa is a New Jersey corporation with its principal place of business in Pennsylvania. *See* State of New Jersey and Commonwealth of Pennsylvania corporate listings for Wawa, attached hereto collectively as Exhibit D.

8. Thus, complete diversity exists between the only two parties in this action and removal is proper under 28 U.S.C. §1446(b)(1).

### C. AMOUNT IN CONTROVERSY EXCEEDS STATUTORY THRESHOLD

9. When, as here, the Complaint does not seek a specified amount of damages, the removing party needs to show, by a preponderance of the evidence, that the amount actually in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001). A preponderance of the evidence, of course, means simply that it is "more likely than not" that the jurisdictional requirement is met. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th

Cir. 1996), *overruled on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). In some cases it will be "facially apparent from the [plaintiff's] complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. If not, the parties are entitled to submit evidence on the question. *Id.*; *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

10. The face of Plaintiff's complaint makes clear that the amount in controversy is more than $75,000.

11. Plaintiff asserts it is "seeking recovery of at least hundreds of thousands of dollars in monetary damages." *See* Pl. Compl., Ex. A, at ¶ 1.

12. Plaintiff also claims it "undertook massive efforts at great costs to expand its operations...including hiring dozens of employees, leading over ten vehicles, and obtaining a wide variety of equipment and machinery..." *Id.* at ¶ 25.

13. Plaintiff alleges that at the peak of its relationship with Wawa, it "serviced over 250 Wawa stores, employed nearly forty workers for this sole purpose, and leased approximately a dozen vehicles. Indeed, Wawa accounted for $2.6 million in billings annually, over half of which represented work in more than 100 Florida stores." *Id.* at ¶ 33.

14. Plaintiff further alleges that it is entitled to "significant damages, including lost profits and costs" including "leases for warehouses, equipment, and vehicles, and salaries for certain employees, as well as attorneys' fees..." for a significant period of time. *Id.* at Counts I and II, *ad damnum* clauses.

15. Thus Plaintiff's Complaint on its face establishes by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold.

### D.    REMOVAL TO THIS DISTRICT IS PROPER

16.    The Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida is located within the Middle District of Florida, Ocala Division. *See* 28 U.S.C. § 89.

17.    Venue for this action is proper because this Court is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

18.    Immediately following the filing of this Notice of Removal, written notice of its filing will be delivered to Plaintiff's counsel, and Wawa will promptly file a copy of this Notice with the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida as required by 28 U.S.C. §1446(d).

### III.    CONCLUSION

WHEREFORE, Defendant Wawa, Inc. gives notice that this civil action is removed to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446. Wawa requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: September 10, 2018

By: /s/ Humberto H. Ocariz
HUMBERTO H. OCARIZ
Florida Bar No. 740860
SHOOK, HARDY & BACON, LLP
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Tel.: (305) 358-5171
Fax: (305) 358-7470
Email: hocariz@shb.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2018, I filed the foregoing Notice of Removal with the Clerk for the Middle District of Florida, Ocala Division and a true and correct copy of same was served via E-Mail on all counsel or parties of record listed below.

Gerald Greenberg, Esq.
Dan Gelber, Esq.
Mikayla Espinosa, Esq.
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Email:  ggreenberg@gsgpa.com
　　　　dan@gsgpa.com
　　　　mikaylaespinosa@gsgpa.com

Thomas Doolan, Esq.
THOMAS DOOLAN, P.A.
P.O. Box 121214
Clermont, Florida 334712
Email:  tomdoolanlaw@gmail.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　By: /s/ Humberto H. Ocariz
　　　　　　　　　　　　　　　　　　　　HUMBERTO H. OCARIZ