UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TW CLEANING SERVICES, INC.,**

    Plaintiff,

v.                                                              Case No: 5:18-cv-476-Oc-30PRL

**WAWA, INC.**

    Defendant.

### REPORT & RECOMMENDATION[1]

Defendant, Wawa, Inc., has filed a motion to dismiss Plaintiff's complaint for breach of contract and promissory estoppel and to strike Plaintiff's request for attorney's fees and costs. (Doc. 9). Plaintiff, TW Cleaning Services, Inc., has filed a response contesting the motion to dismiss but withdrawing the request for attorney's fees set forth in its complaint. (Doc. 14). On referral from the district judge, and after review, Defendant's motion is due to be denied.

### I. BACKGROUND[2]

Plaintiff provides professional cleaning services to retail stores, including Wawa stores. (Doc. 12, ¶¶ 17–18). In February 2012, the parties entered into a two-year agreement, in which Wawa agreed to purchase cleaning services from Plaintiff at certain stores. (Doc. 12, Exh. A). The agreement purports to run for a term of two years with the possibility of further extension by

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] At this stage in the proceedings, the facts alleged in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

written agreement. (Doc. 12, Exh. A ¶2(a)). Soon after signing the agreement, Wawa expanded its operations into Florida and Plaintiff followed suit, undertaking "massive efforts at great costs to expand its operations into Florida," including hiring employees, leasing vehicles, and investing in specialized cleaning equipment at the behest of Wawa. (Doc. 12, ¶25).

Plaintiff alleges that after the two-year term of the agreement ran, the parties agreed orally to extend the agreement, continuing to perform under the agreement and acknowledging the existence of the extended agreement in writing on several occasion, including in written demands for indemnification by Wawa as required by the 2012 agreement. (Doc. 12, ¶¶29–32, 43–45, 57). In May 2018, however, Wawa allegedly terminated the agreement unilaterally without providing Plaintiff the thirty-day notice and opportunity to cure specified in the contract. (Doc. 12, ¶¶35–38, 46).

As a result, Plaintiff brought this action in state court alleging breach of contract and promissory estoppel and seeking lost profits and other damages. (Doc. 12). Wawa then removed the case under 28 U.S.C. § 1332. (Doc. 1). Wawa has now moved to dismiss the complaint for failure to state a claim, alleging that there was no valid extension of the 2012 agreement and that even if there were, the extension would be covered by the statute of frauds. (Doc. 9).

## II.     LEGAL STANDARD

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has explained, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), that while particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). In short, to survive a motion to dismiss a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n*, 605 F.3d at 1290. Then, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In applying this two-step approach to determine the complaint's sufficiency under Rule 8 (and in turn the plausibility of the claims), the Eleventh Circuit limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Further, the Court can infer "'obvious alternative explanations,' which suggest lawful conduct

rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682).

### III. DISCUSSION

Wawa argues that Plaintiff's complaint is due to be dismissed for two reasons: (1) the 2012 agreement expired according to the two-year term of the agreement and, therefore, cannot be the basis of Plaintiff's breach of contract claim; and (2) Plaintiff's claims are barred by the statute of frauds. The Court will address each argument in turn.

#### A. The 2012 Agreement

The 2012 agreement states that the agreement will "commence on the Effective Date [February 20, 2012] and continue for 2 years." (Doc. 12, Exh. A ¶2(a)). The agreement also provides that it may be extended by written agreement between the two parties. (*Id.*). Further, the agreement includes a general provision prohibiting oral amendment of the agreement. (*Id.* ¶20). Wawa argues that because the agreement was never extended by written agreement, the agreement terminated on its own terms and any continued performance was done on a "transactional basis."

It is well established under Florida law, however, that an agreement prohibiting oral amendments may nevertheless be amended by a subsequent oral agreement if the subsequent agreement "has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." *Prof'l Ins. Corp. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956); *see also Okeechobee Resorts, LLC v. EZ Cash Pawn, Inc*, 145 So. 3d 989 993–95 (Fla. 4th DCA 2014 (citing and discussing cases applying the *Cahill* standard). The burden is on the party seeking to enforce the contract to plead, and ultimately prove, a subsequent agreement—mutually agreed

to and performed under—the failure of which to enforce would "work a fraud." *E Z Cash Pawn*, 145 So. 3d at 994–95.[3]

Plaintiff, here, has alleged that the parties agreed to extend the agreement orally, on the same or similar terms as the written agreement, and continued to perform under the agreement, acknowledging that the agreement remained in effect in writing. (Doc. 12, ¶¶44–45). Plaintiff further alleges that in addition to receiving cleaning services, Wawa benefited from the agreement in the form of an indemnification provision. (Doc. 12 ¶¶ 31–32). In addition, Plaintiff alleges that refusing to enforce the agreement would cost it a significant amount of money since, prior to the alleged breach, Plaintiff signed various "leases for warehouses, equipment, and vehicles" in the belief that its agreement with Wawa remained in continuous effect. (*Id.* ¶50).

In addition, Plaintiff alleges that subsequent modification was in fact acknowledged in writing. (*Id.* ¶44). Under Florida law, writings may be made in almost any form, including aggregating documents, provided the writings address the essential terms of the agreement. *Kolski ex rel. Kolski v. Kolski*, 731 So. 2d 169, 171–72 (Fla. 3d DCA 1999). Plaintiff contends that numerous documents exist demonstrating the existence of an agreement to extend the 2012 agreement, including correspondence between the parties, schedules of stores to clean, insurance agreements, and invoices. (Doc. 12, ¶¶29, 32). *See Rail Tr. Locomotive Leasing, LLC v. SunCoke Energy, Inc.*, 2016 WL 8902367, at *5 (M.D. Fla. Aug. 16, 2016) ("Florida courts are flexible as to what kinds of documents satisfy the writing requirement.").

---

[3] As discussed in the second issue, the contract appears to be governed by Pennsylvania law. (Doc. 12, Exh. A ¶10). Yet Wawa cites Florida law throughout its motion without explaining why Florida law would apply. Nevertheless, it appears that on the issue of oral modification, Pennsylvania does not conflict with Florida law. *See Somerset Cmty. Hosp. v. Allan B. Mitchell & Assocs., Inc.*, 685 A.2d 141, 197 (Pa. Super. Ct. 1996) ("An agreement that prohibits non-written modification may be modified by subsequent oral agreement if the parties' conduct clearly shows the intent to waive the requirement that the amendments be made in writing.").

Wawa argues in response that the alleged extended agreement is unenforceable because it lacks certain essential terms—namely, a termination date and information on the number of stores covered by the agreement. But the complaint alleges not that the agreement was extended for an indefinite period but rather that the agreement would continue until the expiration of the next two-year term.[4] (Doc. 12, ¶49). The agreement also specifies that services will be provided according to schedules incorporated into the agreement, which Plaintiff maintains can be produced. (Doc. 12, Exh. A ¶1).

Wawa's motion to dismiss fails to squarely address most of these allegations. While Wawa quite rightly points out that the contract does not provide Plaintiff with a "guarantee that it would be Wawa's exclusive cleaning services provider for certain stores for years in the future." (Doc. 9, p. 5). It does quite clearly provide for notice and an opportunity to cure before termination, which Plaintiff alleges was not provided here and which, according to Plaintiff, caused it lost profits and other damages. (Doc. ¶¶47–49) (Doc. 12, Exh. A ¶2(b)).

Of course, whether Plaintiff will ultimately be able to substantiate its claims is quite another issue. Wawa has not shown, however, that Plaintiff failed to allege facts that, viewed in the light most favorable to Plaintiff, fail to assert a plausible claim for relief. *See Westfield*, 2011 WL 2911528, at *2–3 (denying motion to dismiss where plaintiff alleged breach of "written and/or oral agreement").

### B. The Statute of Frauds

Alternatively, Wawa argues that Plaintiff's claims are due to be dismissed for failing to comply with the Florida statute of fraud, which prohibits an action based on "any agreement that

---

[4] The complaint is somewhat contradictory on this point, stating at one point that the agreement was extended for a three-year term in 2016 but then alleging that it was extended on a two-year term. (Doc. 12 ¶¶ 28, 45). In either event, though, the agreement would have remained in effect in 2018 when the alleged breach occurred.

is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith." § 725.02, Fla. Stat.

Plaintiff points out, however, that according to the terms of the agreement, Pennsylvania law applies to the 2012 agreement between the parties. (Doc. 12, Exh. A ¶10). And it appears that the "Pennsylvania Statute of Frauds does not contain a provision for agreements that cannot be performed within one year." *Hornyak v. Sell*, 629 A.2d 138, 141 (Pa. Super. Ct. 1993).

Even assuming that the Florida statute of frauds is applicable, however, as discussed above, Plaintiff has alleged that writings exists that confirm the existence of an agreement. (Doc. 12, Exh. A ¶44). In addition, the Court notes that the statute of frauds is an affirmative defense and, therefore, can only be raised in a motion to dismiss under Rule 12(b)(6) if "apparent on the face of the complaint." *Hudson Drydocks, Inc. v. Wyatt Yachts, Inc.*, 760 F.2d 1144, 1146 n.3 (11th Cir. 1985).

Given the uncertain applicability of Florida's statute of frauds along with Plaintiff's allegation that a writing exists to verify the alleged agreement, the Court cannot say that Wawa's entitlement to dismissal based on the statute of frauds is apparent from the complaint.

IV. **RECOMMENDATION**

Accordingly, for the reasons discussed above, it is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 9) be **denied**. As to Defendant's motion to strike Plaintiff's request for attorney's fees, the motion should be **granted** and the request for attorney's fees and costs set forth in the compliant **stricken**, as Plaintiff concedes.

**Recommended** in Ocala, Florida on November 27, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy